Hillsborough, }
  May 5, 1903. }

NEW ENGLAND TELEPHONE & TELEGRAPH CO. v. MANCHESTER.

Real estate owned by a telephone company and used in its ordinary business is taxable by the state board of equalization, in the manner prescribed by chapter 64, Public Statutes, and not by the town in which it is situate.

PETITION, for abatement of taxes. Facts agreed, and case transferred from the September term, 1902, of the superior court by *Peaslee*, J.

The plaintiffs are a corporation duly established under the law

of Massachusetts. They operate lines in New Hampshire, and have in this state property consisting of telephones, lines, wires, poles, and other implements and instrumentalities required for conducting their business. Their property in other states is of a similar character and is used for a similar purpose. The corporate property is wholly represented by capital stock.

The plaintiffs own real estate situate on Concord street in Manchester. The building thereon was designed and erected exclusively for a telephone exchange, and is used solely for that purpose. All wires and connections in Manchester and those leading from Manchester elsewhere are operated in the building, and the engines, dynamos, and other apparatus used in the business are located therein. The building also contains offices occupied by the local manager and others connected with the company, and a store-room for supplies used in conducting the business in Manchester and vicinity, in making repairs and renewals, and in providing for new construction.

In 1901, the state board of equalization, acting under chapter 64 of the Public Statutes, determined the value of the plaintiffs' property in this state for purposes of taxation to be $320,000, and assessed a tax thereon of $5,408, which sum was paid to the state treasurer. In the same year the assessors of Manchester assessed a tax upon the plaintiffs' real estate on Concord street, and payment of the same was demanded. A petition for abatement was seasonably filed and denied. March 8, 1902, the plaintiffs under protest paid to the city the sum of $256.26, as the amount of the tax and interest thereon.

*Joseph W. Fellows*, for the plaintiffs.

*George A. Wagner*, for the defendants.

REMICK, J.    The law provides that " every person or corporation owning or operating a telegraph or telephone line within the state shall pay to the state, for its use, an annual tax upon the value, on the first day of April of each year, of the telegraph or telephone line within the state, then owned or operated by such person or corporation, including poles, wires, instruments, apparatus, office furniture, and fixtures of all kinds, at a rate as nearly equal as may be to the average rate of taxation at that time upon other property throughout the state " (P. S., c. 64, s. 3) ; and also that " the state board of equalization shall determine the value of the property to be taxed by virtue of the preceding sections and the rate of taxation, and shall assess such taxes." P. S., c. 64, s. 4.

The defendants contend that as real estate is not specifically mentioned in the foregoing section 3, all the real estate of telegraph and telephone companies is taxable, like real estate generally, in "the town in which it is situate." P. S., *c.* 56, *s.* 14. There might be force to this contention were it not for section 12, chapter 64, Public Statutes, which provides that "telegraph and telephone corporations and companies shall be taxed only in the mode prescribed in this chapter, except upon real estate not used in their ordinary business." It is entirely clear in the light of this section that the legislature intended that such real estate of telegraph and telephone companies as is "used in their ordinary business" should be taxed by the state board of equalization for the use of the state, as provided by section 4, chapter 64, Public Statutes, and not by the "town in which it is situate," as provided by section 14, chapter 56, Public Statutes. As it is found that the real estate in question was owned by the plaintiffs and "used in their ordinary business," it follows that its taxation by the city of Manchester was unlawful, and that the tax should be abated.

*Case discharged.*

All concurred.